UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

U.S. Bank, N.A.,

      Plaintiff,

v.

Scott A. Byrkit, Kelly Ann Byrkit, John Doe,
and Mary Rowe,

      Defendants.

Scott A. Byrkit,                          Civil No. 12-106 (JNE/JSM)
                                         ORDER

      Counterclaim Plaintiff,

v.

U.S. Bank, N.A.; Wilford & Geske, P.A.;
Lawrence A. Wilford; James A. Geske; and
John Does 1-10,

      Counterclaim Defendants.

      Seeking declarations that documents recorded by the Chisago County Recorder are null

and void and that its mortgage interest is superior to all other liens on or interest in real property

located in North Branch, Minnesota, U.S. Bank, N.A., brought this action in state court against

Scott Byrkit, Kelly Ann Byrkit, and individuals who may have an interest in the real property.  In

December 2011, Scott Byrkit served a Verified Counter-Complaint on U.S. Bank in which he

alleged that U.S. Bank, as well as Wilford & Geske, P.A.; Lawrence Wilford; and James Geske,

violated federal and state laws.  With the consent of Wilford, Geske & Cook, P.A.,[1] Wilford, and

Geske, U.S. Bank removed the action from state court.  For the reasons set forth below, the Court

grants U.S. Bank seven days to show cause, if any, why this action should not be remanded.

---

[1]      In the Consent to Removal, Wilford, Geske & Cook stated that it was incorrectly
identified in Scott Byrkit's counterclaim.

In its Notice of Removal, U.S. Bank asserted that the federal claims alleged by Scott Byrkit allowed it to remove the action on the basis of federal question jurisdiction. *See* 28 U.S.C. § 1331 (2006) ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). "'Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *McLain v. Andersen Corp.*, 567 F.3d 956, 963 (8th Cir. 2009) (quoting *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009)). U.S. Bank did not point to any federal question presented in its own Complaint. Consequently, its removal on the basis of jurisdiction conferred by § 1331 appears to be improper. *See Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 & n.10 (2009) (noting that the Supreme Court had "emphatically" ruled without dissent in *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002), that a federal counterclaim does not establish "arising under" jurisdiction).

Citing Scott Byrkit's claims under state law, U.S. Bank also asserted diversity jurisdiction as a basis of removal. *See* 28 U.S.C. § 1332 (2006) (amended 2011). Acknowledging that complete diversity of citizenship did not exist between Scott Byrkit and Wilford & Geske, Wilford, and Geske, U.S. Bank asserted that the citizenship of Wilford & Geske, Wilford, and Geske is irrelevant because they were fraudulently joined as counterclaim defendants. To the extent that U.S. Bank relied on Scott Byrkit's counterclaims to assert diversity jurisdiction, it appears that U.S. Bank has not demonstrated the requisite amount in controversy. *See generally* 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3725.3 (4th ed. 2009) ("The traditional rule has been that no part of the required jurisdictional amount can be met by considering a defendant's counterclaim.").

Finally, it appears that U.S. Bank improperly removed this action from state court because U.S. Bank itself brought the action in state court. *See* 28 U.S.C. § 1441(a) (2006) (amended 2011) (providing that a "defendant" may remove an action); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 105-08 (1941); *In re Crystal Power Co.*, 641 F.3d 82, 85 n.10 (5th Cir. 2011) ("The Supreme Court has been clear that when a party voluntarily enters state-court litigation as a plaintiff, the subsequent filing of a counter-claim or cross-claim against it does not allow that party to invoke the right of removal conferred only on true defendants."); *First Bank v. DJL Props., LLC*, 598 F.3d 915, 916-18 (7th Cir. 2010) ("Almost 70 years ago, the Supreme Court concluded that a litigant who files suit in state court is a 'plaintiff' and cannot remove the case, even if the defendant files a counterclaim . . . ."), *cert. denied*, 131 S. Ct. 506 (2010); *Or. Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) (per curiam) ("A plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court and even if a counterclaim is thereafter filed that states a claim cognizable in a federal court."); *cf. Palisades Collections LLC v. Shorts*, 552 F.3d 327, 332-34 (4th Cir. 2008) (concluding that an additional counter-defendant may not remove an action under § 1441(a)).

In short, it appears that U.S. Bank improperly removed this action from state court. Within seven days of the date of this Order, U.S. Bank shall show cause, if any, why this action should not be remanded to state court.

IT IS SO ORDERED.

Dated: January 19, 2012

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge